UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEFFREY PENNER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-634-JD-JEM |
| GALIPEAU, TALBOT, MILLER, and MOLLENCUPP, | |
| Defendants. | |

## OPINION AND ORDER

Jeffrey Penner, a prisoner without a lawyer, filed a one-paragraph complaint alleging he has missed several meals since March 8, 2023. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Penner argues he has a right to be fed. He is correct. Inmates are entitled to adequate food. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). However, missing a meal is not unusual. There are many reasons why people, inmates and free citizens alike, will occasionally miss a meal. In *Morris v. Kingston*, 368 F. App'x 686 (7th Cir.

2010), the Seventh Circuit considered a much more extreme case where an inmate involuntarily missed 17 meals over 23 days. The court explained that "[t]o establish an Eighth Amendment violation, a prisoner must show that he has been severely harmed and that prison officials were deliberately indifferent to that harm." *Id*. at 688–89. The court concluded that the plaintiff in *Morris* had not "establish[ed] a constitutional violation because he ha[d] not shown that missing his meals … caused serious harm or lasting detriment." *See also Freeman v. Berge,* 441 F.3d 543, 547 (7th Cir. 2006) (concluding that even a 45–pound weight loss would not support a claim without evidence of serious suffering or lasting harm). So too here, the complaint does not describe harm other than being hungry.

      The complaint names four defendants, but it only mentions two of them in the one-paragraph complaint. Officer Mollencupp is alleged to have called Sgt. Miller and other supervisors whenever he was told Penner did not have a food tray. Sgt. Miller is alleged to have said he would see what he could do when he learned Penner did not have a food tray. Warden Galipeau and Lt. Talbot are not mentioned. Under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation marks and citations omitted). However, a prison official only violates the Eighth Amendment if he is deliberately indifferent to conditions posing a substantial risk of serious harm. *Id.* at 834-35. Deliberate indifference is comparable to criminal recklessness and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d

2

673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer*, 511 U.S. at 837. This complaint does not plausibly allege that any of the defendants were deliberately indifferent to a serious risk of harm to Penner.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Penner believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil

3

cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Jeffrey Penner until **October 30, 2023**, to file an amended complaint; and

(2) CAUTIONS Jeffrey Penner if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 25, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT