UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEFFREY PENNER,

    Plaintiff,

    v.                                  CAUSE NO. 3:23-CV-634-JD-JEM

GALIPEAU, et al.,

    Defendants.

## OPINION AND ORDER

Jeffrey Penner, a prisoner without a lawyer, filed a complaint which did not state a claim. ECF 1. He was granted leave to file an amended complaint. ECF 7. He has now filed an amended complaint. ECF 9. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Penner alleges he did not receive dinner trays on several occasions since March 8, 2023. This is the same allegation that was presented in the original complaint. As explained in the prior screening order:

> Inmates are entitled to adequate food. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). However, missing a meal is not unusual. There are many reasons why people, inmates and free citizens alike, will occasionally miss

> a meal. In *Morris v. Kingston*, 368 F. App'x 686 (7th Cir. 2010), the Seventh Circuit considered a much more extreme case where an inmate involuntarily missed 17 meals over 23 days. The court explained that "[t]o establish an Eighth Amendment violation, a prisoner must show that he has been severely harmed and that prison officials were deliberately indifferent to that harm." *Id.* at 688–89. The court concluded that the plaintiff in *Morris* had not "establish[ed] a constitutional violation because he ha[d] not shown that missing his meals … caused serious harm or lasting detriment." *See also Freeman v. Berge,* 441 F.3d 543, 547 (7th Cir. 2006) (concluding that even a 45–pound weight loss would not support a claim without evidence of serious suffering or lasting harm). So too here, the complaint does not describe harm other than being hungry.

ECF 7 at 1-2. The amended complaint provides no more detail than the original and the legal analysis of his claim is the same. Penner says when he missed dinner, he had to wait 18 hours between meals. He was undoubtedly hungry, but as explained, that does not state a claim.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on October 25, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT